BENJAMIN B. WAGNER
United States Attorney
PAUL A. HEMESATH
KEVIN KHASIGIAN
Assistant United States Attorney's
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
JAN 30 2014
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS J. CAPOS, <br><br> Defendant. | CASE NO. 2:14-CR-0020 MCE <br><br> 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute Oxycodone; 21 U.S.C. § 841(a)(1) – Distribution and Dispensation of Oxycodone (Five Counts); 21 U.S.C. § 853(a) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute, Dispense and Possess with Intent to Distribute Oxycodone]

The Grand Jury charges: T H A T

NICHOLAS J. CAPOS,

defendant herein, between on or about April 3, 2008, and continuing through on or about October 30, 2012, in the County of Sutter, in the State and Eastern District of California, and elsewhere, did knowingly and intentionally conspire and agree with persons known and unknown to the Grand Jury to distribute, dispense, and possess with intent to distribute oxycodone, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

INDICTMENT                                            1

1 | COUNTS TWO through SIX: [21 U.S.C. § 841(a)(1) – Distribution and Dispensation of Oxycodone]

2 | The Grand Jury further charges: T H A T

3 | NICHOLAS J. CAPOS,

4 | defendant herein, on or about the dates set forth below, in the County of Sutter, in the State and Eastern
5 | District of California, did knowingly and intentionally distribute and dispense oxycodone, a Schedule II
6 | controlled substance, outside the usual course of professional medical practice and without legitimate
7 | medical purposes, in the amounts set forth below:

| Count | Date (on or about) | Initials of Name on Prescription | Milligrams per Pill | Quantity of Pills |
|---|---|---|---|---|
| 2 | June 4, 2012 | J.K. | 30 | 390 |
| 3 | August 2, 2012 | J.B. | 30 | 300 |
| 4 | July 17, 2012 | M.V. | 30 | 300 |
| 5 | September 7, 2012 | J.B. | 30 | 300 |
| 6 | September 7, 2012 | J.K. | 30 | 300 |

13 | in violation of Title 21, United States Code, Section 841(a)(1).

14 | FORFEITURE ALLEGATION: [21 U.S.C. § 853(a) – Criminal Forfeiture]

15 | 1. Upon conviction of one or more of the offenses alleged in Counts One through Six,
16 | defendant NICHOLAS J. CAPOS shall forfeit to the United States pursuant to Title 21, United States
17 | Code, Section 853(a), the following property:

18 | a. All right, title, and interest in any and all property involved in violation of Title
19 | 21, United States Code, Section 841(a)(1), or conspiracy to commit such offenses, for which defendant
20 | is convicted, and all property traceable to such property, including the following: all real or personal
21 | property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of
22 | such offenses; and all property used, or intended to be used, in any manner or part to commit or to
23 | facilitate the commission of the offenses, including but not limited to:

24 | i. Real Property located at 1044 Live Oak Drive, Yuba City, California,
25 | Sutter County, APN: 51-324-009.

26 | b. A sum of money equal to the total amount of proceeds obtained as a result of the
27 | offenses, or conspiracy to commit such offenses, for which defendant is convicted.

28 | 2. If any property subject to forfeiture, as a result of the offenses alleged in in Counts One

INDICTMENT                                    2

through Six of this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

INDICTMENT      3

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
vs.

### NICHOLAS J. CAPOS

## INDICTMENT

**VIOLATION(S):**  21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to Distribute, Dispense and Possess with Intent to Distribute Oxycodone; 21 U.S.C. § 841(a)(1) – Distribution and Dispensation of Oxycodone (Five Counts); 21 U.S.C. § 853(a) – Criminal Forfeiture

*A true bill,*

/s/ Signature on file w/AUSA

---
*Foreman.*

*Filed in open court this* __30th__ *day*
*of* __January__, A.D. 20 __14__

---
*Clerk.*

*Bail, $* __NO BAIL WARRANT PENDING HEARING__

GPO 863 525

## PENALTY SLIP

DEFENDANT:	NICHOLAS J. CAPOS

**COUNT 1**
VIOLATION:	21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to Distribute, Dispense and Possess with Intent to Distribute Oxycodone

PENALTY:	Up to 20 years imprisonment,
$1,000,000 fine or both,
Not more than 3 years term of supervised release

**COUNTS 2 through 6**
VIOLATION:	21 U.S.C. § 841(a)(1) – Distribution and Dispensation of Oxycodone

PENALTY:	Up to 20 years imprisonment,
$1,000,000 fine or both,
Not more than 3 years term of supervised release

FORFEITURE
ALLEGATION	21 U.S.C. § 853(a) – Criminal Forfeiture
As Stated in the Indictment

PENALTY ASSESSMENT	$100.00 each Count